UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Scholz Design, Inc., | |
| *Plaintiff*, | Civil No. 3:10cv1681 (JBA) |
| *v.* | |
| Sard Custom Homes, LLC, *et al.*, | July 15, 2011 |
| *Defendants.* | |

RULING ON MOTIONS TO DISMISS

On February 1, 2011, Plaintiff Scholz Design, Inc. ("Scholz") filed an Amended Complaint against Defendants Sard Custom Homes, LLC ("Sard"), Prudential Connecticut Realty ("Prudential"), and Coldwell Banker Residential Real Estate, Inc. ("Coldwell Banker"), alleging copyright infringement, violations of the Lanham Act, breach of contract, and violations of the Digital Millennium Copyright Act arising from Defendants' use of architectural drawings created by Scholz. Sard moves [Doc. # 46] to dismiss the Amended Complaint in its entirety, Coldwell Banker moves [Doc. # 50] to dismiss Counts II and IV of the Amended Complaint, and Prudential moves [Doc. # 49] to dismiss Count III of the Amended Complaint. For the reasons stated below, the motions to dismiss will be granted.

I.   Factual Allegations

Scholz alleges in Count I of its Amended Complaint that it authored and holds the copyrights for architectural drawings and designs of homes known as "Springvalley A" and "Wethersfield B" (Am. Compl. [Doc. # 43] ¶¶ 10–14.) According to Scholz, without its knowledge or permission, Sard, which had access to these designs as a former Scholz "registered builder," "prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings by copying the Springfield and Wethersfield

Designs" and marketed its ability to build these designs by displaying thumbnail exterior images of the home designs on Prudential websites. (*Id.* ¶¶ 15–19.) In Count II, Scholz alleges that it also authored and holds the copyrights for architectural drawings and designs known as "Breckinridge A" and that Sard and Coldwell Banker similarly "prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings by copying the Breckinridge Design" and placed an exterior image of this home design on Coldwell Banker websites. (*Id.* ¶¶ 25–36.) Scholz attaches to its Amended Complaint copies of the Prudential and Coldwell Banker web pages that it claims display the copied images, which show front elevation drawings of the homes described in the Springvalley, Wethersfield, and Breckinridge designs. (*Id.* Ex. E, F, I.)

Scholz also claims in Counts III and IV that the use of these images violates the Lanham Act's prohibition on "reverse passing off." (*Id.* ¶¶ 39–59.) It alleges that Sard, Prudential, and Coldwell Banker "used, reproduced, displayed, distributed, marketed, offered for sale and advertised" Scholz's designs by copying and cropping the design cover sheets and using them to market Sard's ability to build those designs. (*Id.* ¶¶ 41–42, 52.) Scholz further alleges that Sard, Prudential, and Coldwell Banker falsely designated the origin of the Springvalley, Wethersfield, and Breckinridge designs by removing Scholz's name from the designs and representing that the designs are their own. (*Id.* ¶¶ 43–45, 53–54.)

In Count V, Scholz claims that Sard breached its Builder Agreement with Scholz—in which Sard agreed "not to duplicate or copy any Scholz designs without first obtaining Scholz's approval"—by copying the Springvalley, Wethersfield, and Breckinridge designs and marketing the designs on the above-mentioned websites after the Builder Agreement

2

expired. (*Id.* ¶¶ 60–63.) In Count VI, Scholz claims that Sard also violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202, by "purposely remov[ing] the Scholz name and notice of copyright from the Scholz Designs." (*Id.* ¶¶ 69–72.)

II.     Discussion[1]

    A.     Counts One and Two: Copyright Infringement

Sard and Coldwell Banker move to dismiss Counts One and Two of the Amended Complaint on the ground that Scholz does not hold valid copyrights in the images depicted in Exhibits E, F, and I to the Amended Complaint that Scholz alleges constitute the violations of its copyrights. They argue that these thumbnail depictions of drawings are not architectural or technical plans and thus are not protectable by copyright.

Copyright protection extends to "original works of authorship fixed in any tangible medium of expression" including "architectural works." 17 U.S.C. § 102(a). The owner of a copyright "has the exclusive rights . . . to reproduce the copyrighted work." *Id.* § 106. "An 'architectural work' is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the

---

[1] The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a defendant may move to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir. 2010). A complaint will not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or if "the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949–50.

design, but does not include individual standard features." *Id.* § 101. "The Architectural Works Copyright Protection Act ("AWCPA"), Pub.L. No. 101-650, tit. VII (1990), extended copyright protection to architectural works that are not otherwise works of art." *Richard J. Zitz, Inc. v. Dos Santos Pereira*, 232 F.3d 290, 292 (2d Cir. 2000). "[U]nder 37 C.F.R. § 202.11(d)(3), architectural works that "were constructed or otherwise published before December 1, 1990" are ineligible for protection under the AWCPA." *Id.*

Sard and Coldwell Banker argue that the depictions in Exhibits E, F, and I could not have been copyrighted as architectural works because, the copyrights having been granted in 1988 and 1989, they predate the AWCPA and that the conceptual nature of these depictions means that they are not protected by Scholz's copyright because they contain insufficient detail from which a building could be constructed. The Second Circuit, in *Attia v. Society of the New York Hospital*, 201 F.3d 50, 56–57 (2d Cir. 1999) distinguished between viable copyright infringement claims in which the copied drawing contained sufficient detail to enable construction and drawings of a "preliminary, conceptual nature" from which a copyrighted structural design could not be constructed and which did not constitute "protected expression." The court held that the defendants' use of "highly preliminary and generalized" drawings, which described a "proposed design at a very general level of abstraction" depicting "creative ideas on how to extend New York Hospital over the F.D.R. Drive" copied only non–protectable "ideas and concepts" because they did not contain a level of detail sufficient to enable construction. *Id.* at 55–57.

Pre–AWCPA cases cited by Plaintiffs draw a similar distinction. In *Robert R. Jones Assocs. v. Nino Homes*, 858 F.2d 274, 280 (6th Cir. 1988), the Sixth Circuit held that the defendant infringed the plaintiff's copyright by obtaining a promotional brochure containing

4

"abridged floor plans" of the plaintiff's home design and using that copy to construct a house based on that design. In summarizing case law on infringing use of such design materials, including the Southern District of New York's decision in *Demetriades v. Kaufmann*, 680 F. Supp. 658 (S.D.N.Y. 1988), the court held: "The rule which emerges from these cases is that one may construct a house which is identical to a house depicted in copyrighted architectural plans, but *one may not directly copy those plans and then use the infringing copy to construct the house.*" *Jones*, 858 F.2d at 280 (emphasis added). The Fifth Circuit similarly addressed in *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 899–900 (5th Cir. 1972) a factual scenario in which the defendants visited a home designed by the plaintiffs at which brochures containing a floor plan were available and then constructed a house "intended to be substantially similar" and held that "if copyrighted architectural drawings of the originator of such plans are imitated or transcribed in whole or in part, infringement occurs."

Scholz does not allege in its Amended Complaint that Sard has or would be able to construct homes to the specifications of the Springvalley, Wethersfield, and Breckinridge designs using the copied thumbnail images, and Scholz's counsel acknowledged at oral argument that Sard has not built the houses depicted in those images. Under *Attia*, 201 F.3d at 56–57, as well as *Jones*, 858 F.2d at 280, and *Lamont*, 458 F.2d at 899–900, copyright protection extends to the component images of architectural designs to the extent that those images allow a copier to construct the protected design. "The intrinsic function of an architectural plan is to convey the information necessary to enable the reader to construct a building." *Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 879–80 (9th Cir. 1992), *abrogated on other grounds by Hunt v. Pasternack*, 179 F.3d 683 (9th Cir. 1999). Scholz alleges in its Amended Complaint that Sard copied and placed on Prudential and Coldwell Banker web

pages thumbnail images depicting front elevation views of the homes in the Springvalley, Wethersfield, and Breckinridge designs. (Am. Compl. ¶¶ 15, 30, Ex. E, F, I.) These images do not convey sufficient information with respect to these designs to allow construction of these homes. *See Jones*, 858 F.2d at 280. Without the necessary level of detail to allow construction, the copied images do not fulfill the intrinsic function of an architectural plan and thus the act of copying them does not violate any right protected by a copyright for architectural technical drawings. Scholz has accordingly failed to state claims for copyright infringement that are plausible on their face. Counts One and Two of Scholz's Amended Complaint are therefore dismissed.[2]

    B.    Counts Three and Four: The Lanham Act

Prudential moves to dismiss Count Three of the Amended Complaint, Coldwell Banker moves to dismiss Count Four, and Sard moves to dismiss Counts Three and Four, alleging violations of the Lanham Act, for failure to state a claim upon which relief can be granted.

In Counts Three and Four of the Amended Complaint, Scholz claims "reverse passing off" under the Lanham Act, 15 U.S.C. § 1125, which occurs when a defendant falsely designates the origin of a plaintiff's work, or "misappropriat[es] . . . credit properly belonging to the original creator of the work." *Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 780–81 (2d Cir. 1994). "A claim of reverse passing off is separate and distinct from a claim of copyright infringement." *Id.* at 781–82. Copying a work without attribution

---

[2] Sard and Coldwell Banker also both argue that Scholz's copyright infringement claims should be dismissed because their use of the images is "fair use" under 17 U.S.C. § 107. Because Scholz's has failed to state valid copyright infringement claims, the Court will not address the "fair use" arguments.

constitutes copyright infringement, whereas the misattribution of credit for copied work constitutes reverse passing off under the Lanham Act. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33–34 (2003). "The failure to credit the true author of a copyrighted work is not a false designation of origin, but a violation of copyright." *Freeplay Music, Inc. v. Cox Radio, Inc.*, 409 F. Supp. 2d 259, 263 (S.D.N.Y. 2005); *see also Williams v. UMG Recordings, Inc.*, 281 F. Supp. 2d 1177, 1184 (C.D. Cal. 2003) ("*Dastar* makes clear that a claim that a defendant's failure to credit the plaintiff on the defendant's goods is actionable only where the defendant literally repackages the plaintiff's goods and sells them as the defendant's own–not where, as here, Defendants are accused only of failing to identify someone who contributed not goods, but ideas or communications (or, for that matter, 'services') to Defendants' product.")

Although Scholz claims in Counts Three and Four that Sard, Prudential, and Coldwell Banker "have perpetrated a reverse passing off by removing Scholz's name" from the designs and representing that those designs are their own, (Am. Compl. ¶¶ 45, 54), the web pages attached to the Amended Complaint do not reflect that Defendants misappropriated credit for the designs or the elevation drawings or in some way held those designs or drawings out as their own (*See* Am. Compl. Exs. E, F, I.) The websites do not attribute credit for the drawings to anyone. Sard advertised on Prudential and Coldwell Banker websites the ability to build homes on the advertised lots; it did not advertise that it had designed the homes represented in the thumbnails. Thus Defendants did not "repackage" these designs as their own, but instead failed to identify someone who contributed to the depictions in the thumbnails, and therefore have not misappropriated credit properly belonging to Scholz. *See Williams*, 282 F. Supp. 2d at 1184. Because,

7

according to Scholz's Amended Complaint and the attached exhibits, Sard, Prudential, and Coldwell Banker did not attribute authorship of the designs or images to themselves, rather they failed to attribute credit for the designs altogether, they have not falsely designated the origin of those designs and thus cannot have committed reverse passing off.[3] *See Freeplay*, 409 F. Supp. 2d at 263. Scholz has therefore failed to state a facially plausible claim under the Lanham Act and Counts Three and Four of the Amended Complaint are dismissed.

      C.      Counts Five and Six: Breach of Contract and Millennium Copyright Act

In Counts Five and Six, respectively, Scholz claims that Sard breached its contract with Scholz and violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202. Sard argues that these Counts should be dismissed because Scholz has not stated a valid copyright infringement claim. Scholz does not dispute that it must have a valid copyright claim in order for Counts Five and Six to survive. Accordingly, because the Court has concluded that Scholz has failed to state a copyright infringement claim upon which relief can be granted, as discussed above, Counts Five and Six are dismissed.

---

[3] Scholz also argues that by posting the thumbnail images in Exhibits E, F, and I, Defendants have misappropriated Scholz's "reputation" by copying these designs. The Lanham Act, however, "covers only 'the producer of the tangible goods that are offered for sale, and not . . . the author of any idea, concept, or communication embodied in those goods.'" *Moser Pilon Nelson Architects, LLC v. HNTB Corp.*, No. 05 CV 422(MRK), 2006 WL 2331013, *10 (D. Conn. Aug. 8, 2006) (quoting *Dastar*, 539 U.S. at 37). Although Scholz's counsel asserted at oral argument that Scholz's elevation drawings were indeed a tangible good, as discussed above, Defendants did not misattribute credit to themselves for those drawings. To the extent that Scholz argues that its reputation has been misappropriated through use of its ideas, rather than credit for the drawings themselves being misappropriated, it has failed to state a claim under the Lanham Act. *See id.*

III.     Conclusion

For the reasons stated above, Defendants Motions to Dismiss [Doc. ## 46, 49, 50] are GRANTED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of July, 2011.